**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

**MUHAMMAD H. RAZI,**

***Petitioner*,**

**v.** **Case No. 5:26-CV-2635-JKP**

**BOBBY THOMPSON, et al.,**

***Respondents*.**

**ORDER GRANTING**
**PETITION FOR WRIT OF HABEAS CORPUS**

Before the Court is a Petition for Writ of Habeas Corpus (ECF No. 1) filed pursuant to 28 U.S.C. § 2241. Petitioner asserts that his detention violates 8 U.S.C. § 1231(a)(6) of the Immigration and Nationality Act as interpreted by *Zadvydas v. Davis*, 533 U.S. 678 (2001). On May 7, 2026, Respondents (sometimes referred to as "the Government") submitted a response in opposition. Petitioner thereafter filed a reply brief and late last week, he moved for a temporary restraining order based on his understanding that Respondents were intending to remove him to Central African Republic over the weekend.

In accordance with a court order, Respondents filed an expedited response. They therein clarify that, as of the time of their response to the motion, Petitioner was not scheduled for removal from the United States. They further note that Central African Republic communicated assurances on April 4, 2026, that individuals removed there from the United States will not be persecuted or tortured. And by letter dated May 4, 2026, the Deputy Secretary of State determined that those assurances were credible and reliable. Regardless of these assurances, according to the filings in this case, Respondents have not made any plans to remove Petitioner to Central African Republic. While Respondents note that Petitioner is concerned about such removal, they have filed nothing to indicate that they are intending to remove Petitioner to that country. Instead, the concern is

entirely based upon informal and unsubstantiated statements orally made to Petitioner at his detention facility. Because Respondents have not made travel arrangements which show a significant likelihood of removal in the reasonably foreseeable future, the Court need not address whether the assurances satisfy due process at this juncture.

After reviewing the briefing, provided evidence, and applicable law, the Court grants the petition based on the law as set out and analyzed in *Shengelia v. Ortega*, No. 5:25-CV-1545-JKP, 2025 WL 3654368 (W.D. Tex. Dec. 16, 2025); *Marquez-Amaya v. Thompson*, No. 5:25-CV-1501-JKP, 2025 WL 3654327, at *5 (W.D. Tex. Dec. 15, 2025). While there are differences between this case and those cited cases, none warrant a different result. For reasons previously stated in those cases, the Court finds that (1) there is no question that Petitioner has been detained longer than the presumptively reasonable six-month period recognized in *Zadvydas*; (2) Petitioner has provided good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future; and (3) Respondents have not responded with evidence sufficient to rebut that showing. Through the circumstances of Petitioner's detention and the undisputed facts, Petitioner has satisfied the requirements of *Zadvydas*.

Petitioner has been continuously detained since at least August 18, 2025, with significant likelihood that his detention commenced on November 6, 2024, as Petitioner has alleged. His order of removal became final on August 18, 2025. An immigration judge denied Petitioner's application for asylum but granted his application for withholding of removal to Pakistan, his native country. Although Petitioner identified three countries for which he is amenable to removal (Canada, Australia, and the United Kingdom), as of the date of their response, Respondents had only reached out to the United Kingdom. On May 6, 2026, after receiving no response from the United Kingdom, Respondents sent requests to Guatemala and Honduras for possible acceptance of Petitioner. Nothing indicates that either of those countries have responded. And the more recent concern about

removal to Central African Republic is based on unsubstantiated statements made at the detention facility. Respondents affirmatively state that Petitioner is not currently scheduled for removal. Nor do they provide any basis for the Court to find a significant likelihood of removal in the reasonably foreseeable future to Central African Republic or any other country. Despite Petitioner's lengthy detention, Respondents have been unable to obtain travel documents that would permit his removal to any third country. And to the extent they have shifted gears to Central African Republic, such shift provides additional reasons for further delay of removal as Petitioner contests his removal to that country. *See Alnajjar v. GEO Grp., Inc.*, No. 5:25-CV-0822-JKP, 2025 WL 3853217, at *5 (W.D. Tex. Dec. 23, 2025).

Additionally, Petitioner has provided sources from the Government that (1) the Central African Republic is generally unsafe, with a current declared national emergency extending through 2027 which identifies a breakdown of law and order; (2) the State Department of the United States has categorized Central African Republic as a country that citizens should not travel to, and if they do so, they should establish a proof of life protocol with loved ones for use in a hostage situation; and (3) Central African Republic poses extraordinary risk of religious persecution for someone like Petitioner.

In response to the motion for temporary restraining order, Respondents argue that the undersigned has previously found their actions "as they relate to third country removal to be valid and provide sufficient due process to individuals such as Petitioner." *See* ECF No. 12 at 1 (attaching a copy of an issued order, found at *Lopez v. U.S. Immigr. & Customs Enf't*, 832 F. Supp. 3d 617 (W.D. Tex. 2026)). The Court recognizes that there may be some disagreement as to the due process required in the context of third-country removal. *Compare Lopez*, 832 F. Supp. 3d at 622 *with Sagastizado v. Noem*, 802 F. Supp. 3d 992, 1008-13 (S.D. Tex. 2025); *Meshesha v. Mullin*, No. 5:26-CV-00967, 2026 WL 1999648, at *7 (S.D. Tex. June 18, 2026). After this Court decided

*Lopez*, counsel for Respondents conceded in a case in El Paso, "that Congress appeared to have given removable aliens a right to designate a country for removal and obligated the Government to attempt removal to the designated country before other third countries" and further "conceded that policy memoranda cannot override statutory mandates." *Izadi v. Mullin*, No. EP-26-CV-1510-KC, 2026 WL 1707253, at *4 (W.D. Tex. June 12, 2026). That same case expressly distinguished *Lopez* on grounds that the petitioner there had "refused to identify a third country for purposes of removal." *Id*. (quoting *Lopez*). Because the Petitioner in this case has identified third countries to which he is amenable to removal, this case likewise has that same distinguishing factual characteristic. Further, about a week after *Izadi*, *Meshesha* disagreed with *Lopez* and specifically distinguished two cases relied upon therein as not involving "removal in the immigration context." 2026 WL 1999648, at *10 & n.6. Recently, this Court found *Sagastizado* persuasive when it served a filed habeas petition that expressly asserted a procedural due process claim based upon third-country removal. *See Komara v. Mullin*, No. 5:26-cv-04709-JKP (W.D. Tex. Aug. 4, 2026) (Text Order for Service (ECF No. 5)).

At this juncture this Court need not further consider these potentially competing positions. As already mentioned, there is no need to address the due process implications regarding removal to Central African Republic because Respondents have not made travel arrangements for there. Regardless of the third-country ramifications, Petitioner has shown that he is entitled to habeas relief. The circumstances provide good reason to believe that there is no significant likelihood of Petitioner's removal in the foreseeable future and Respondents have not rebutted that showing. Respondents essentially rely on a submitted declaration to carry their burden, but that declaration does not do so on the facts of this case. Respondents have not provided any updated declaration that shows a significant likelihood of removal in the foreseeable future to Central African Republic or any other country.

For the foregoing reasons, the Court **GRANTS** the Petition for Habeas Corpus (ECF No. 1). Under the circumstances of this case, the Court concludes that habeas relief is proper and *Zadvydas* requires Petitioner's release from the unlawful detention. Fees under the Equal Access to Justice Act, 28 U.S.C. § 2412 are not available in habeas corpus proceedings like this one. The Court treats the instant action solely as a habeas action under 28 U.S.C. § 2241 and declines to consider any claim other than the alleged *Zadvydas* violation.

**IT IS HEREBY ORDERED** that **on or before September 3, 2026**, Respondents shall **RELEASE Petitioner Muhammad H. Razi** from custody to a public location, under appropriate conditions of release.

Respondents must **NOTIFY** Petitioner's counsel of the exact location and exact time of release as soon as practicable and no less than two hours before release.

Any possible or anticipated removal or transfer of Petitioner under this present detention is **PROHIBITED** unless—before releasing him in accordance with the timeframe of this Order—Respondents can remove Petitioner to Canada, Australia, or the United Kingdom as identified by Petitioner as appropriate countries for removal.

Respondents are **ENJOINED** from re-detaining Petitioner without notice and a pre-deprivation hearing before a neutral decision maker. **In connection with any attempt to re-detain Petitioner based upon removal to a third country, Respondents shall ensure** that they have appropriate travel documents and a scheduled flight for Petitioner to one of the above three countries, to another country agreeable to Petitioner, or to another third country. And **if Petitioner is to be removed to a country not agreed upon by Petitioner, Respondents shall first comply with the following procedure relative to third-country removal**:

> (1) Respondents shall provide Petitioner notice of an intended third-country removal "that is sufficient to enable the noncitizen to challenge that removal either as violating an order of withholding or as removing him to a country that wills subject him to torture or persecution," *see Villanueva v. Tate*, 801 F. Supp. 3d 689,

701 (S.D. Tex. 2025);[1]

(2) Respondents shall provide Petitioner a reasonable opportunity to object and receive a reasonable fear interview ("RFI") for a Government-selected country appropriate for third-country removal;

(3) Following a negative RFI, Respondents must, upon request, provide for review of the negative RFI by an immigration judge as to the third country prior to Petitioner's detention and removal, *see Sagastizado v. Noem*, 802 F. Supp. 3d 992, 1011, 1016 (S.D. Tex. 2025); and

(4) Following affirmance of the negative RFI by an immigration judge, Respondents shall obtain an order from the immigration judge that Petitioner be removed to that third country.

No later than the next business day after the ordered release date, Respondents shall **FILE** a status report to confirm whether Petitioner has been released. If counsel for Petitioner disagrees with any aspect of the filed Status Report, counsel may file a separate Status Report.

A final judgment will be issued separately.

**IT IS SO ORDERED this 1st day of September 2026.**

**JASON PULLIAM**
**UNITED STATES DISTRICT JUDGE**

[1] To be sufficient, "[t]he 'notice must be afforded within a reasonable time and in such a manner as will allow [the noncitizen] to actually seek . . . relief in the proper venue before removal occurs.'" *Villanueva*, 801 F. Supp. 3d at 701 (quoting *Trump v. J.G.G.*, 604 U.S. 670, 673 (2025) (per curiam)).